**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

MIL MUJERES, INC,                                        CASE NO.: 23-cv-14056-KMM

    *Plaintiff,*

v.

RUBIC, LLC and KATERYNA PANOVA,

    *Defendants*.

_____/

**FIRST AMENDED VERIFIED COMPLAINT FOR**
**INJUNCTIVE AND MONETARY RELIEF**

Plaintiff, Mil Mujeres, Inc. ("Mil Mujeres" or "Plaintiff"), by and through the undersigned

counsel, hereby sues the Defendants, Rubic, LLC ("Rubic") and Kateryna Panova ("Panova")

(Rubic and Panova collectively referred to as the "Defendants").

**JURISDICTION, PARTIES, AND VENUE**

    1.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as the matter in

controversy is between citizens of different States and Mil Mujeres seeks to recover more than

$75,000.00, exclusive of interest or attorney's fees.

    2.    Plaintiff, Mil Mujeres Inc. ("Mil Mujeres") is a non-profit company and a citizen

of Washington D.C., with its principal place of business in the District of Columbia.  Mil Mujeres

is incorporated in the State of Maryland.  No shareholder is a citizen of Florida.

    3.    Defendant, Rubic, LLC ("Rubic") is a limited liability company and a citizen of

Florida, with its principal place of business and state of incorporation located in Martin County,

Florida. The members of Rubic are citizens of Florida and New York and no member of Rubic is

a citizen of Maryland or Washington D.C.

4.      Defendant, Kateryna Panova ("Panova") is a Florida citizen domiciled in Martin County, Florida, and is *sui juris*.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as both Defendants are domiciled in this judicial district, and all Defendants are domiciled in the State of Florida. Additionally, a substantial part of the events or omissions giving rise to the claims in this Action occurred in this Court's judicial district, in Martin County, Florida.

6.      All conditions precedent to the institution and maintenance of this Action have been satisfied, excused, waived, or have otherwise occurred.

## GENERAL ALLEGATIONS

**I.      Mil Mujeres's dedicated effort to service the Russian immigrant community and the defamatory Rubic website.**

7.      Mil Mujeres is a non-profit organization that was founded in 2007 to address the growing need for bilingual legal services for the immigrant community in the United States with an emphasis on helping survivors of violent crime, including domestic violence, sexual assault, and assault.

8.      In the last fourteen years, Mil Mujeres has helped more than five thousand people with its legal services and more than twenty thousand people with information services throughout the United States.

9.      Many of the people Mil Mujeres helps with its direct immigration legal services come from low income communities.

10.      Mil Mujeres endeavors to maintain an affordable fee structure for its services so it can reach more people from low income communities who are in legitimate need of immigration legal services. Following Russia's 2022 invasion of Ukraine, Mil Mujeres began helping low

income Russian speaking migrants seeking asylum because there was a large demand for such services.

11.     Mil Mujeres provides immigration legal services though licensed Russian speaking attorneys and paralegals and employs no less than seven licensed attorneys to carry out its charitable mission.

12.     Defendant Rubic is a limited liability company founded by Panova that publishes content to its website (https://rubic.us) dedicated to immigration and life in the United States. Rubic's website is primarily focused on providing information to Russian speaking immigrants about immigration issues in the United States.

13.     The Rubic website has a dedicated "Immigration Lawyers" page providing information about specific immigration attorneys and law firms, many of which are identified as having Russian speaking capabilities. The individuals and firms highlighted by Rubic on its website must pay to advertise their services.

14.     To ostensibly assist its clientele, the Rubic website provides information about immigration law issues and topics associated with immigration lawyers. However, as explained in more detail below, many of Rubic's publications regarding Mil Mujeres are blatantly false and defamatory.

A.     RUBIC'S FIRST DEFAMATORY ARTICLE.

15.     On January 26, 2023, the Defendants published an article on the Rubic website titled "Ilona Dzhamgarova, an immigration lawyer from Brooklyn, her husband, lawyer Artur Arkadyan, and their "case writer" pleaded guilty and will go to jail." (https://rubic.us/immigratsionnyj-advokat-iz-bruklina-ilona-dzhamgarova-ee-muzh-advokat-artur-arkadyan-i-ih-pisatel-kejsov-priznali-vinu-i-otpravyatsya-v-tyurmu/) (the "First Article").

16.     Assuming that there is any truth to the publication at all, the First Article focuses on criminal indictments of attorneys Ilona Dzhamgarova ("Dzhamgarova") and Artur Arkadyan ("Arkadyan") and their alleged fraudulent practices regarding their immigration law firm.

17.     The First Article issues a specific warning to its readers that charitable foundations, such as Mil Mujeres, use fraudulent schemes and should be avoided.

Right now, we need to be especially careful with "charitable foundations" that help asylum seekers on the US-Mexico border. All of them (including Bridge V USA, Teach VK, Veritas and Mil Mujeres) use fraudulent schemes (read why - read here ). The first of the "border helpers" have already been arrested with half a million dollars in cash. Others are also being watched! Cooperation with scammers always ends badly for immigrants.

18.     Such statements about Mil Mujeres's purported use of fraudulent schemes are false. Mil Mujeres does not use fraudulent schemes in conjunction with the services it provides.

19.     Additionally, by embedding statements about Mil Mujeres's legal services for asylum seekers in the article regarding Dzhamgarova's and Arkadyan's fraudulent acts, a false equivalence is made between the alleged fraud committed by Dzhamgarova and Arkadyan, and the services offered by Mil Mujeres.

20.     Rubic's representations that Mil Mujeres is somehow operating a fraudulent charitable organization and is a "scammer[]" is utterly false and defamatory.  Simply stated, Mil Mujeres is not engaged in fraudulent schemes.

21.     False accusations about Mil Mujeres' services, such as Defendants' defamatory statement that Mil Mujeres uses fraudulent schemes, harms Mil Mujeres and the people Mil Mujeres seeks to help, because Russian speaking consumers of immigration legal services are led to believe that Mil Mujeres is a fraud.

B.     RUBIC'S SECOND DEFAMATORY ARTICLE

22.     On February 2, 2023, Defendants published another article on the Rubic website (https://rubic.us/novye-moshenniki-na-granitse-ssha-s-meksikoj-fond-mil-mujeres-uzhe-ugrozhayut-rubiku/) – titled "New scammers on US-Mexico border: Mil Mujeres Foundation (already threatening Rubik)" (the "Second Article").

23.     The Second Article contains further and more elaborate false and defamatory statements about Mil Mujeres. The article claims that Mil Mujeres: (a) organizes persons to serve as guarantors for a fee (Mil Mujeres does not do this); (b) claims that Mil Mujeres does not practice law with licensed attorneys who can even come to court; and (3) that Mil Mujeres's retainer agreement and fee is a "fiction" and a "scheme" according to other attorneys.



24.     These representations made by the Defendants are false. Mil Mujeres is a legitimate immigration law firm that practices law with licensed attorneys. There is nothing even remotely illegitimate about Mil Mujeres's retainer agreement.

5

25.     The Second Article falsely refers to Mil Mujeres as a scammer in the context of providing immigration services, and constantly suggests that Mil Mujeres and its lawyers are "fraudsters."

26.     The Second Article further tells the story of a potential client named Sasha[1] that ostensibly contacted a Mil Mujeres assistant. Rubic made false and defamatory statements regarding this interaction claiming that the assistant at Mil Mujeres was the person solely responsible for handling its immigration cases and that Mil Mujeres therefore engages in the unlicensed practice of law.

> "The situation is suspicious. Recently, many scammers have been trying to get into the field of immigration legal services. Impostors write, they offer: "I have clients - I will bring them." You need to understand that an immigration lawyer cannot work through an intermediary and payment to an intermediary - if it is not a lawyer - is also prohibited, "explains immigration lawyer Marina Shepelskaya.

27.     The Second Article omits key information. For example, assistants, such as paralegals, are commonly and acceptably used to *assist* licensed and reputable attorneys with their practice.

28.     The Second Article falsely suggests that Mil Mujeres engages in the unlicensed practice of law.

29.     The Second Article also makes the false representation that only one person, Olga Koloditskaya, is an attorney for Mil Mujeres. However, Mil Mujeres employs no less than seven licensed attorneys which all practice in the area of immigration.

---

[1] If Sasha is a real person, his name was changed in the article to protect his identification.

C.       RUBIC'S THIRD DEFAMATORY ARTICLE.

30.      On February 7, 2023, Defendants published yet another article on the Rubic website
(https://rubic.us/vse-pobezhali-i-ya-pobezhal-bezhentsev-iz-rossii-v-ssha-vsyo-bolshe-rossiyane-
ishhut-lazejki-pri-peresechenii-granitsy/) – titled "Running with obstacles. The flow of refugees
from Russia to the United States is increasing at a record pace" (the "Third Article").

31.      The Third Article states that Rubic has previously written about "scammers" and
"crooks" in the immigration legal space and provides links to the Second Article in which the
Defendants published their aforementioned materially false and defamatory statements regarding
Mil Mujeres.

The scammers charge thousands of dollars for ostensible border crossing assistance or as payment for consultations
supposedly designed to make interviews with immigration officers "successful." Rubik has already **written about these
crooks in his articles** .

32.      The Third Article reinforces the false statement that Mil Mujeres somehow acts as
"scammers" or "crooks" in the context of providing immigration legal services.

D. RUBIC'S FOURTH DEFAMATORY ARTICLE.

33.      On February 8, 2023, the Defendants published another article on the Rubic website
(https://rubic.us/ostorozhno-moovert-kak-ocherednye-moshenniki-shtampuyut-geniev-i-
razvodyat-na-vizu-talantov-ev-1a/) – titled "Beware Moovert! How regular scammers churn out
'geniuses' and bred for the EB-1A talent visa" (the "Fourth Article").

34.      In the Fourth Article, Mil Mujeres is listed as an "impostor[]" that "breed[s] with
terrible force" and scams refugees on the Mexican border by promising them a "legal" path to the
United States in exchange for money and guarantees. The Fourth Article accuses Mil Mujeres of
having no licenses to provide immigration services and engaging in fraudulent activities that could

result in jail time. The Defendants imply that Mil Mujeres is among the companies and funds that

actively advertise their services as immigration assistants but are actually fraudsters.

35.     The article questions the legitimacy of Mil Mujeres's services, stating that only

licensed lawyers and employees of the U.S. government immigration authorities are authorized to

provide immigration services. The article notes that Mil Mujeres's services are actually offered as

"additional education services" that teach clients how to write a case, what to say, and what

evidence to provide, and that Mil Mujeres only checks for errors.

> What kind of schemes immigration "helpers" of all stripes and nationalities do not come up with. Impostors specializing in pumping money out of those who want to leave for the USA breed with terrible force: **"Bridge to the USA"** , Teach BK, "Veritas", **Mil Mujeres** , etc. Having no licenses to provide immigration services, they promise refugees on the Mexican border a "legal" path to the United States, guarantors for money and guarantees. **Fraudsters, of course, face jail, as have a couple of Russians with a lot of cash who were collecting money from refugees in Tijuana** and several immigration scam lawyers have already been arrested . But while your "helpers" are being hunted by American intelligence agencies, they are emptying the pockets of hundreds of clients.

36.     This is false. Mil Mujeres attorneys draft the necessary legal documentation and

attend hearings on their client's behalf.

37.     Overall, the four separate articles published by the Defendants paint a false negative

picture of Mil Mujeres as an unlicensed, fraudulent company that scams refugees and offers

illegitimate immigration services.

38.     Mil Mujeres does not know why the Defendants have targeted Mil Mujeres as the

subject of their defamatory crusade. Upon information and belief, Mil Mujeres believes that the

Defendants may have published the false and defamatory statements about Mil Mujeres in order

to deter potential clients from seeking services from charitable organizations so that these potential

clients will instead hire attorneys listed on the Rubic website which pay for Rubic's services. In

this way, Rubic is able to front itself as an accrediting resource, and then direct its clients to its

paid advertisers.

39.     Since the Defendants began publishing defamatory content regarding Mil Mujeres, Mil Mujeres has received inquiries indicating that potential clients have refrained from contacting Mil Mujeres to obtain immigration legal services because of the defamatory content published on the Rubic website. Mil Mujeres will continue to suffer lost business as long as the articles remain on Rubic's website open to the general public.

40.     On or about February 8, 2023, although under no obligation to do so, Mil Mujeres served notice in writing on the Defendants, specifying that the articles appearing on the Rubic website are false and defamatory, and demanding that Defendants remove the false and defamatory content from the Rubic website, from social media postings, and from other platforms through which Defendants published the false and defamatory statements. As of the date of the filing of this Complaint, the Defendants have not retracted their materially false statements and continue to publish same on their website.

41.     Mil Mujeres is not a public figure.

42.     Mil Mujeres has been forced to bring the present Action and is required to pay its attorney's their reasonable fee.

## COUNT I: LIBEL
(Mil Mujeres against Defendants)

43.     Mil Mujeres realleges and incorporates paragraphs 1 through 42 as if set forth fully herein.

44.      Defendants made false and defamatory statements in the First, Second, Third, and Fourth Articles published to the Rubic website (collectively the "articles"). All four articles paint a negative picture of Mil Mujeres as an unlicensed, fraudulent company that scams refugees and offers illegitimate immigration services.

45.     The Defendants published the false statements to third parties by publishing the articles to their website which is viewed by readers of the Rubic website and which is available to the public at large.

46.     The Defendants made the false statements about Mil Mujeres with the requisite intent since they were negligent, and should have known that the statements in the articles were false. In fact, such statements were likely made by the Defendants with actual malice.

47.     As a result of the Defendants' false and defamatory statements, Mil Mujeres has suffered damages by losing business, reputation, and goodwill in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment and relief against Defendants as follows:

1.  Special and consequential damages;

2.  General damages;

3.  Punitive damages; and

4.  Any other appropriate relief that this court deems just and equitable.

## COUNT II: DEFAMATION (LIBEL) PER SE
(Mil Mujeres against Defendants)

48.     Mil Mujeres realleges and incorporates paragraphs 1 through 42 as if set forth fully herein.

49.     The Defendant's published the false and defamatory statements in the four articles to third parties. When considered alone, without innuendo, the Defendant's false statements:

    a.  Tend to subject Mil Mujeres to hatred, disrepute, ridicule, contempt, and disgrace;

    b.  injure Mil Mujeres in its trade and profession; and

    c.  attribute to Mil Mujeres conduct, characteristics, and conditions, which are incompatible with the proper exercise of a lawful business or trade.

WHEREFORE, Plaintiff demands judgment and relief against Defendants as follows:

1.      Special and consequential damages;

2.      General damages;

3.      Punitive damages; and

4.      Any other appropriate relief that this court deems just and equitable.

## COUNT III: DEFAMATION (LIBEL) BY IMPLICATION
(Mil Mujeres against Defendants)

50.      Mil Mujeres realleges and incorporates paragraphs 1 through 42 as if set forth fully herein.

51.      The false statements made by the Defendants in the four articles are juxtaposed to a series of facts about fraudulent activity and the unlicensed practice of law by other individuals and entities, so as to imply a connection between the actual fraudulent acts of others and the practice of law by Mil Mujeres.

52.      The false statements made by the Defendants in the four articles also omit facts such that a reasonable person would imply that Mil Mujeres practices law without a license and that it is involved with fraudulent schemes of its clients and others.

53.      As a result of the Defendants' false and defamatory implications, Mil Mujeres has suffered damages by losing business, reputation, and goodwill in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment and relief against Defendants as follows:

1.  Special and consequential damages;

2.      General damages;

3.      Punitive damages; and

4.      Any other appropriate relief that this court deems just and equitable.

**COUNT IV: TORTIOUS INTERFERENCE**
**OF A PROSPECTIVE BUSINESS RELATIONSHIP**
(Mil Mujeres against Defendants)

54.     Mil Mujeres realleges and incorporates paragraphs 1 through 42 as if set forth fully

herein.

55.      Mil Mujeres had a prospective business relationship with an identifiable class of

third persons, *i.e*. potential immigration clients seeking legal services that viewed the Rubic

website. Specifically, a potential client referred to as "Sasha" by the Defendants sought to obtain

Mil Mujere's legal immigration services.

56.     The Defendants had knowledge of Mil Mujeres's prospective business

relationships, including the potential client referred to as Sasha.

57.     The Defendants targeted these prospective business relationships and intended to

cause the termination of the prospective business relationships so that Defendants could funnel

customers to its paid advertisers.

58.     The Defendants had an improper motive and means of sabotaging the prospective

business relationships and published false and defamatory content regarding Mil Mujeres.

59.     As a result of the Defendants' false and defamatory statements, Mil Mujeres has

suffered damages by losing business, reputation, and goodwill in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment and relief against Defendants as follows:

1.  Special and consequential damages;

2.  General damages;

3.  Punitive damages; and

4.  Any other appropriate relief that this court deems just and equitable.

12

## COUNT V: INJUNCTIVE RELIEF
(Mil Mujeres against Defendants)

60.     Mil Mujeres realleges and incorporates paragraphs 1 through 42 as if set forth fully herein.

61.     As explained more fully above, Defendants published materially false and defamatory statements about Mil Mujeres, substantially damaging Mil Mujeres's reputation and business. The materially false and defamatory statements continue to cause irreparable harm to Mil Mujeres's reputation since potential clients and the general public are continually being misled and exposed to the statements which improperly characterize Mil Mujeres as a company that scams and otherwise defrauds its clients.

62.     Without a temporary injunction directing the Defendants to take down the defamatory content regarding Mil Mujeres, Mil Mujeres will continue to be the subject of baseless false statements regarding its business, which will result in irreparable harm to its business reputation.

63.     Mil Mujeres has a substantial likelihood of success on the merits of its claims in libel. There exists no evidence that Mil Mujeres is scamming or defrauding its clients, the false and defamatory statements were clearly published to third parties since the statements are published on a website open to the public, and the Plaintiff has suffered substantial damages as a result of the Defendants' misconduct. All of the false and defamatory statements made by the Defendants were with negligent intent. Statements regarding Mil Mujeres's unlicensed practice of law are particularly easy to disprove as false since Mil Mujeres has more than one licensed immigration attorney, as may be proved by the applicable licensure of Mil Mujeres's staff.

64.     The public interest will be served by issuing the temporary injunction. Without a temporary injunction, the public will continue to avoid Mil Mujeres for legal immigration services,

which services are offered at reduced rates to public citizens most in need. Restoring Mil Mujere's reputation by removing the defamatory content will encourage the general public to use Mil Mujeres's non-profit legal services.

65.     The threatened and continuing injury to Mil Mujeres outweighs the insignificant harm that the Defendants may receive for taking down the injurious and inflammatory material regarding Mil Mujeres from their website.

66.      Mil Mujeres has no adequate remedy at law that will cure the unmitigated harm being caused by the Defendants to its reputation and prospective business.

WHEREFORE, Plaintiff demands relief against Defendants in the form of a temporary injunction requiring the Defendants to remove all publications regarding Mil Mujeres from its website, and for any further relief this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By: *s/  David M. Robbins*
          David M. Robbins
          Florida Bar No. 1012340
          david.robbins@lewisbrisbois.com
          aviva.pasternak@lewisbrisbois.com

**[Verification on the Following Page]**

14

## VERIFICATION

I, Gary Royle, of full age, declare as follows:

I am the Executive Director of Mil Mujeres, Inc ("Mil Mujeres"). I have held this position for ___1.5___ years. My responsibilities include the oversight of the day to day operations of Mil Mujeres, including assignment and supervision of Mil Mujeres's immigration cases.

I have personal knowledge of the statements herein and of the allegations made in the above *Verified Complaint of Injunctive and Monetary Relief* (the "Complaint"). If called on, I would competently testify to the matters stated herein.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 03/06/2023

_____
Gary Royle, Executive Director and authorized agent of
MIL MUJERES, INC.