UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF FLORIDA

MIL MUJERES, INC.,
    Plaintiff,

Case No.: 2:23-CV-14056-KMM

v.

RUBIC, LLC and KATERYNA PANOVA,
    Defendant(s).
_____/

**DEFENDANTS, RUBIC, LLC and KATERYNA PANOVA'S,
RESPONSE TO PLAINTIFFF'S MOTION FOR PRELIMINARY INJUNCTION**

    **COMES NOW,** Defendants RUBIC, LLC and KATERYNA PANOVA, hereby through the undersigned counsel file Response to Plaintiff's Motion for Preliminary Injunction as follows:

**Summary of Argument:**

1. RUBIC has an internet platform where it publishes interviews and statements about various topics including but not limited to the immigration issues. Any statements made on the platform are opinions as all statement and comments made by Defendants about Plaintiff were fair comments made by a private citizen exercising their right of speech, discussing matter of public relevancy, as a concerned citizen of the community. Specifically, Plaintiff caters and provides a service to the public and in so doing is subject to fair comment and criticism. Defendants rendered statements, comments, and opinions about Plaintiff for bonafide commercial purposes where the interest to be protected was that of the recipients.

1

2. The matters address by Defendants concerning Plaintiff affect the interest of the public at large. These statements were made in good faith to inform, alert, and caution the public, and potential clients, about the risks inherent in doing business with Plaintiff. Defendants made the statements without malice and exercised their moral and social duty to make statements to a particular audience, in this case, to the limited members of the website group, who had a correlating interest in hearing about the matters addressed by Defendant. Florida puts this rather succinctly and acknowledges qualified privilege will exist when a speaker shares a common right or interest with the recipient.

3. Defendants statements were non-malicious expressions of opinion as a matter of law and are therefore, non-actionable. The law does not require that opinions be nice or devoid of negative or unfavorable elements. Therefore, Plaintiff's claim fail and Defendants are authorized to keep the contents on its platform. Moreover, Defendants have not been publishing further about Plaintiff.

**Standard for Preliminary Injunction:**

4. A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only if the moving party has clearly established: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) that granting the preliminary

injunction will not be adverse to public interest. *Church v. City oj Huntsville,* 30 F. 3d 1332, 1342 (11th Cir. 1994); *see also Cunningham v. Adams,* 808 F.2d 815 (11th Cir. 1987); *U.S.v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983); *McDonald's Corp. v. Robertson,* 147 F. 3d 1301, 1306 (11th Cir.1998); *Kaisha v. Swiss Watch lnternational, !nc.,* 188 F. Supp. 2d 1350, 1353 (S.D. Fla. 2002). The moving party carries the burden of persuasion as to each of these four elements. *U.S. v. Jefferson County,* 720 F. 2d 1511, 1519 (11th Cir. 1983), reh'g denied, 724 F. 2d 978 (11th Cir. 1984). *See also Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F. 3d 1205, 1210 (11th Cir. 2003); *McDonald's Corp.,* 147 F. 3d at 1306.

5.  When analyzing the first two elements, the review "require[s] a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1241 (11th Cir. 2005) *(quoting Siegel v. LePore,* 234 F. 3d 163, 1178 (11th Cir. 2000) (en banc)). Granting a motion for a preliminary injunction is "the exception rather than the rule. Lambert, 695 F. 2 d at 539.

6.  In ruling on a preliminary injunction, the Court may make preliminary findings of fact. At this stage, the evidentiary rules are relaxed. *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 3d 982, 985 (11th Cir. 1995). A court may rely on affidavits and hearsay materials that would not be admissible

3

evidence for a permanent injunction, so long as the evidence is appropriate given the character and purpose of the injunction proceedings. Id. It may utilize written materials that are in the record. *McDonald's Corp. v. Robertson,* 147 F. 3d 1301, 1310-13 (11th Cir. 1998). The findings of fact and conclusions of law made when resolving a preliminary injunction are not binding at the trial on the merits. *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981).

**Substantial likelihood of prevailing on the merits:**

7. Plaintiff erroneously contends that it is substantially likely to prevail on its libel and claims. Simply put, Plaintiff did not -and cannot- show that it is likely to prevail on the merits because the evidence is clear that statement and comments made by Defendants about Plaintiff were fair comments made by a private citizen exercising their right of speech, discussing matter of public relevancy, as a concerned citizen of the community. Because the Plaintiff failed to establish that there is a substantial likelihood that it would prevail on the merits, the Court does not need to address any of the Plaintiff's claims and Plaintiff's motion must be denied.

**Irreparable Injury**

8. Plaintiff claims that it would suffer irreparable harm if posts are not to be removed from Defendant's platform.

9. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, *but actual and imminent .*" *Northeastern Florida Chapter of the Association of General Contractors of America v. City of Jacksonville, Florida,* 896 F.2d 1283, 1285 (11th Cir. 1990). Moreover, when examining the issue of irreparable harm: the key word in this consideration is "irreparable." Mere injuries, however, substantial, in terms of money, time, and injury necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be availabe at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Rey v. Guy Gannett Publishing Co.,* 766 F. Supp. 1142, 1147-48 (S.D. Fla. 1991) (citations omitted).

10. In short, a preliminary injunction must be the only way to protect the party seeking relief from alleged harm. *Id.* at 1148. Even if a plaintiff can establish a likelihood of success on the merits, the absence of irreparable injury renders relief in the form of preliminary injunctive relief. 1mproper. *Siegel,* 234 F.3d at 1176. Thus, CPI must demonstrate a significant threat of substantial, immediate and irreparable harm and must establish immediate threatened harm that is neither remote nor speculative. *Rey,* 766 F. Supp. at 1147-48.

       Plaintiff's self-serving and speculative innuendo does not articulate any irreparable harm that will result to it as a result of Defendants' continued operation of their business pending the conclusion of this litigation.

11.   The hyperbole advanced by Plaintiff, through its unsupported statements and contradicting documents, is precisely the type of speculative and conclusory allegations of irreparable injury that have been repeatedly held by courts to be insufficient to warrant injunctive relief. *Church v. City of Huntsville,* 30 F. 3d 1332 (11th Cir. 1994); *Northeastern Florida Chapter of the Association of General Contractors of America v. City of Jacksonville, Florida,* 896 F. 2d 1283 (11th Cir. 1990); *JSG Trading Corp. v. Tray-Wrap, Inc.,* 917 F. 2d 75, 79 (2d Cir. 1990) (mere possibility of harm is not sufficient to warrant the entry of an injunction, as the harm to the movant must be imminent); *Tom Doherty Assocs. v. Saban Entertainment, Inc.,* 60 F. 3d 27, 37 (2d Cir. 1995) ("Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation"); *National Donut Restaurants of New York, Inc.,* 291 F. Supp. 2d 149, 153 (E.D. N.Y. 2003) (court denied Dunkin' Donuts request for preliminary injunction where "[Dunkin'] has not demonstrated that it will suffer irreparable harm if an injunction is not granted ... "); *Packard Elevator v. Interstate Commerce Comms'n,* 782 F. 2d 112, 115 (8th Cir. 1986). Because Plaintiff has failed to meet this burden, Plaintiff's Motion must be denied.

**Balancing of the equities:**

12. Because of Plaintiff's failure to demonstrate a substantial likelihood of success on the merits and irreparable harm, the Court need not consider the remaining prerequisites for injunctive relief. *In re Arthur Treacher 's Franchisee Litigation,* 689 F. 2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction). Notwithstanding such and other than making their own conclusory and self-serving allegations, Plaintiff, rehashing its earlier arguments, contends that the balance of hardships weighs decisively in its favor because it will suffer irreparable harm if Defendant's post are not to be removed. As articulated in above, Plaintiff's postings are protected speech made in public interest and as such there is no any imminent irreparable harm to it absent the entry of a preliminary injunction.

**Public Interest:**

13. Denial of Plaintiff's Motion will preserve the *status quo* until a final determination on the merits of this case. The evidence is clear that statement and comments made by Defendants about Plaintiff were fair comments made by a private citizen exercising their right of speech, discussing matter of public

7

relevancy, as a concerned citizen of the community. Thus, Plaintiff's motion must be denied.

**Conclusion:**

Based on the foregoing, Defendants respectfully request this Honorable Court to enter an order denying Plaintiff's Emergency Motion for Preliminary Injunction and granting such other relief as this Court deems just and proper.

Respectfully Submitted,

By: /s/Tamara Milosevic
Signature of Attorney for Defendants
MANDIC LAW GROUP P.A.
Tamara Milosevic, Esquire
2924 Collins Ave, Suite 301
Miami Beach, FL 33140
Designated E-mail Address:
tamara@mandiclawgroup.com

**Certificate of Service**

I hereby certify that a copy of this document was served through the Florida Courts E-filing Portal to DAVID M. ROBBINS, ESQ. of LEWIS BRISBOIS BISGAARD AND SMITH LLP, at 110 SE 6th St, Suite 2600, Fort Lauderdale FL 33301 this 8th day of May, 2023.

Dated: May 8, 2023

/s/Tamara Milosevic
Signature of Attorney
Mandic Law Group, PA
TAMARA MILOSEVIC, ESQ.
FBN:93614
2924 Collins Ave, Suite #301
MIAMI BEACH, FL 33140
Telephone no.: (305) 904-9943
Designated E-mail Address:
tamara@mandiclawgroup.com