UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF FLORIDA

MIL MUJERES, INC.,
    Plaintiff,

                                                  Case No.: 2:23-CV-14056-KMM

v.

RUBIC, LLC and KATERYNA PANOVA,
    Defendant(s).
_____/

**OPPOSITION TO PLAINTIFF'S OBJECTION**

**COMES NOW,** Defendants RUBIC, LLC and KATERYNA PANOVA, hereby through the undersigned counsel file Response to Plaintiff's Objection. Defendants state the following in support:

**PROCEDURAL ASPECTS OF THE MAY 18, 2023 HEARING**

1. As a threshold matter, the Court held an evidentiary hearing on May 18, 2023.

2. Ultimately, the Report and Recommendation was correct to deny the relief sought. It should be clear that injunctive relief is an extraordinary remedy. *Delivery.com Franchising, LLC v. Moore*, No. 20-20766-CIV, 2020 U.S. Dist. LEXIS 108359 (S.D. Fla. June 19, 2020). Plainitff have not carried their burden of proof.

3. First of all, during that evidentiary hearing, Plaintiff did not produce a single live witness for testimony and relied solely on declarations. Defendants opposed the hearing on declarations because it does not give an opportunity to cross examine. Although the evidentiary rules are relaxed for the purposes of a

1

hearing on temporary injunctive relief, "the ability to cross-examine witnesses is fundamental to due process." See *Weeks v. Comm'r of SSA*, No. 21-14320-CIV, 2022 U.S. Dist. LEXIS 171775, at *12 (S.D. Fla. Sep. 22, 2022). This is particularly true where the outcome that Plaintiff was hoping for is to restrict Defendants free speech. See *Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1339 (11th Cir. 2020) (holding vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence).

4. Essentially, cross examination is the only tool Defendants have to disprove evidence that is otherwise admissible, and such a tool was taken away by deciding the issue on declaration.

5. On the other hand, Defendants had an opportunity to cross examine both witnesses, Ianina Shuvalov and Kateryna Panova.

6. Moreover, Defendants do not even know if the party seeking redress has standing. The Report and Recommendation clearly states:

> Mil Mujeres, Inc. operates in conjunction with another entity, Mil Mujeres Legal Services. According to its Executive Director, Mil Mujeres Legal Services "consists" of seven licensed attorneys (DE 43-7 ¶ 9). The evidence did not clarify whether these attorneys work as employees, or as independent contractors, or merely as attorneys in referral relationships with one another. Only one of the seven attorneys listed "Mil Mujeres Legal Services" as her employer in official bar licensing records introduced into evidence (DE 43-7 at 10).

## ANALYSIS OF THE REPORT AND RECOMMENDATION

7. Judge McCabe did a thorough review of all of the evidence presented, even though the task for Judge McCabe was difficult, considering the lack of Plaintiff

2

producing any live witness for testimony, even though it was Plaintiff that wanted an evidentiary hearing to begin with.

### RESPONSE TO OBJECTION NO 1

8. Regarding Objection No. 1, Plaintiff misstates the testimony. In fact, Ms. Shuvalova was offered a sponsor, as the Report and Recommendation makes clear in paragraph 8. This is supported by a text from Mil Mujeres' paralegal stating, **"Did you find a sponsor? You ended up not contacting us for the sponsor."**

9. As such, the position that Plaintiff claims, "Mil Mujeres Paralegal undisputedly establishes that Mil Mujeres did not offer sponsors" is just a flat-out fabrication and is extremely liberal with the truth.

10. Likewise, Plaintiff writes no less than half a page dedicated to the fact that it was error for the magistrate judge to take judicial notice of a USCIS notice warning of common scams. The case law is clear that there is no error where a party has the opportunity to object to the finding of a notice. Here, Plaintiff squandered their opportunity. Instead of trying to find an alternative viewpoint, or establishing that its action of procuring a sponsor was legal, Plaintiff complains that Judge McCabe took judicial notice of a USCIS article.

11. Moreover, Plaintiff doubles down in stating that they absolutely did not provide or solicit a sponsorship, when the evidence directly contradicts that.

### RESPONSE TO OBJECTION 2

12. Judge McCabe was correct in his analysis on "prior restraint." A prior restraint on speech and publication is "the most serious and least tolerable infringement

3

on First Amendment rights" and is "one of the most extraordinary remedies know to our jurisprudence." *SEC v. Lauer*, 18 Fla. L. Weekly Fed. D80 n.1 (U.S. S.D. Fla. November 18, 2004). Moreover, the Court cannot prohibit those who lawfully receive information about matters of public concern from disseminating it further.

13. Plaintiffs attempt to distinguish Judge McCabe's analysis by saying that the precedent of "prior restraint" focuses on future speech, whereas Plaintiff is focusing on past speech. In fact, the cases that Plaintiff cites to say the opposite of what they argue. Again, Plaintiff is making the law up as it goes.

14. The case of *Lucero v. Trosch*, 121 F.3d 591, 600 (11th Cir. 1997) involved a nuisance case, and specifically states that, "Defendants argue that because the preliminary injunction does not remedy past or threatened (future) unlawful conduct." As such, the Court never rejects the argument that a prior restraint is only applicable to future speech. Instead, the Eleventh Circuit stated, "We need not address this argument, however, because we have carefully adhered to the principle that injunctions must be remedial." Ultimately, the Eleventh Circuit reversed an injunction in large part.

15. The case that the Plaintiff cited to: *Balboa Island Vill. Inn, Inc. v. Lemen*, 40 Cal. 4th 1141, 1148, 57 Cal. Rptr. 3d 320, 324, 156 P.3d 339, 343 (2007) is also distinguishable because it was not a preliminary injunction, but involved a case regarding an injunction after a trial. See generally *Weiss v. Weiss*, 5 So. 3d 758 (Fla. 5th DCA 2009)(holding that Typically, "[i]n the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either an actual or threatened defamation, and a complainant is typically left to

his or her remedy at law.)

16. In fact, the other case that Plaintiff cites to *Ward v. Triple Canopy, Inc.*, No. 8:17-cv-802-T-24 MAP, 2017 U.S. Dist. LEXIS 115472, at *11 (M.D. Fla. July 25, 2017), specifically holds, "it is unclear to the Court whether Count III seeks a temporary restraining order, a preliminary injunction, a permanent injunction, or all three. To the extent that Ward is seeking a preliminary injunction or a temporary restraining order, his request is procedurally improper.") It is procedurally improper because the correct way to seek an injunction would be post-trial, as was done in *Balboa Island Vill. Inn, Inc.*

17. As it pertains to all of the other argument, Plaintiff has not shown, or even provided, any evidence that the articles or YouTube video somehow caused a loss of clients. Since Mil Mujeres is operating as a law firm, it should be easy to show a steam of clients before and after publication. However, Mil Mujeres provides no support for its position that it has even suffered a harm, reparable or irreparable.

18. In fact, most of the cases where a party seeks a preliminary injunction based on defamation is generally denied. See generally *Santilli v. Van Erp*, No. 8:17-cv-1797-T-33MAP, 2018 U.S. Dist. LEXIS 79916, at *16 (M.D. Fla. Apr. 20, 2018); *Windsor v. United States*, 379 F. App'x 912 (11th Cir. 2010)

## **CONCLUSION**

19. Ultimately, Judge McCabe's report and recommendation was correct. Plaintiff has failed to demonstrate that it is entitled to the relief it seeks, even resorting to making misstatements to this Court about the evidence. Regardless, this Court should accept the Report and Recommendation.

20. Defendants ask this Court to affirm the Report and Recommendation

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this 16th day of June, 2023, a true and correct copy of the foregoing instrument was submitted to opposing counsel through the e-filing portal.

Respectfully,

    Law Offices of Andre G. Raikhelson.
    7000 W Palmetto Park Road, Suite 210
    Boca Raton, FL 33433
    Telephone:     (954) 895-5566
    Primary Email: arlaw@raikhelsonlaw.com
    Secondary email: a.raikhelson@icloud.com

    /s/ Andre G. Raikhelson
    Andre G. Raikhelson, Esq.
    Bar Number: 123657