**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

MIL MUJERES, INC,                                    CASE NO.: 23-cv-14056-KMM

     *Plaintiff,*

v.

RUBIC, LLC and KATERYNA PANOVA,

     *Defendants.*
_____/

### REPLY IN OPPOSITION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff, Mil Mujeres, Inc. ("Mil Mujeres"), by and through the undersigned counsel, herby submits its Reply in Opposition to Defendants, Rubic, LLC ("Rubic") and Kateryna Panova's ("Panova") (Rubic and Panova being referred to collectively as the "Defendants") Response to Plaintiff's Objection to Report and Recommendation [D.E. 57].

## I.    INTRODUCTION

As discussed in detail throughout the record, Defendants published articles and a YouTube video, repeatedly claiming Mil Mujeres has "no licenses to provide Immigration Services", uses "fraudulent schemes" in the provision of legal services, engages in conduct amounting to a "fraud" and a "scam", is among a group of "scammers" and "crooks" "illegally offering legal help" at the Mexican border by offering "to locate sponsors for money", and that "Mil Mujeres are non-profit fraudsters."   (D.E. 43-2, 43-3, 43-4, 43-5, and 43-6; D.E. 18-2, 18-3, 18-4, 18-5, and 18-6). Defendants continue publishing these defamatory writings and statements to third parties as the defamatory materials remain accessible on Defendants' websites.   Therefore, Mil Mujeres submitted a Motion for Preliminary Injunction requesting that the Court order Defendants to

1

remove the defamatory material from their website and YouTube channel. (D.E. 18).  After the parties briefed the preliminary injunction request and appeared for a hearing, the Magistrate entered a Report and Recommendation ("R&R") that Mil Mujeres' Motion be denied.  (D.E. 44).  However, the R&R is objectionable for two reasons.  First, Mil Mujeres did not offer sponsors for a fee as the Magistrate found.  (See D.E. 44 at ¶¶ 5-§ II(A) at p. 8; D.E. 43-2, 43-3, 43-4, 43-5, 43-6; D.E. 18-2, 18-3, 18-4, 18-5, 18-6).  Furthermore, assuming *arguendo* that Mil Mujeres did offer sponsors for a fee, the USCIS article, judicially noticed by the Magistrate, does not establish that such offering are illegal or constitute frauds or scams by Mil Mujeres.  Second, the Magistrate improperly analyzed injunctive relief as requiring a "prior restraint" on speech yet to occur rather than a remedy for previous tortious activity that continues to harm Mil Mujeres because third parties can access the defamatory content on Defendants' websites.  (See D.E. 44 at pp. 7-10).

Endeavoring to continue confusing the issues, Defendants make arguments which are not responsive to Plaintiff's Objections or the Court's R&R.  These arguments lack factual analysis supporting Defendants' contentions.   Entry of a narrow preliminary injunction requiring Defendants to remove the defamatory[1] writings and statements from continued publication avoids

---

[1] The writings and statements constitute defamation *per se* as they impugn Mil Mujeres in its law practice profession, making damages conclusively presumed.  "Communication that imputes to another conduct, characteristic, or condition incompatible with the proper exercise of his lawful business, trade, profession or office is [defamation] *per se*."  *NITV, L.L.C. v. Baker*, 61 So. 3d 1249, 1254 (Fla. Dist. Ct. App. 2011); *see also Wolfson v. Kirk*, 273 So. 2d 774, 778 (Fla. Dist. Cit. App. 1973) (concluding defamatory statement was actionable *per se* because it characterized plaintiff, a financier/businessman, as a "person with whom commercial relations were undesirable," and as such, was incompatible with plaintiff's ability to conduct a lawful business).  "*Per se* defamatory statements are so obviously defamatory and damaging to one's reputation that they give rise to an absolute presumption both of malice and damage."  *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015) (internal citations, quotations, and alternations omitted).  Thus, general damages are conclusively presumed to result from defamation *per se*, and special damages need not be shown to sustain the action.  *Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953).

imposing a prior restraint on speech not yet spoken and protects Mil Mujeres from the ongoing harm associated with injurious false accusations of having "no licenses to provide Immigration Services" or using "fraudulent schemes" or "scams" in the provision of its legitimate non-profit legal services.

## II.      ARGUMENT

### 1.   <u>The Response Incorrectly Argues Purported Procedural Concerns Which are Not Responsive to Plaintiff's Objections or any Findings in the Magistrate's Report and Recommendations</u>

Defendants' Response first complains that Plaintiff did not produce live witnesses during the hearing on May 18, 2023.  (D.E. 57 p. 1, ¶ 3).  However, Defendants fail to provide authority holding that live witnesses are necessary, especially when the evidence needed to demonstrate ongoing harm caused by Plaintiffs' *per se* defamatory writings are the writings themselves. Similarly, the Response contains mere general proposition of law without substantive analysis of the actual dispute.  For example, Defendants contend the absence of live witnesses denied them a due process right to cross-examination. (D.E. 57 pp. 1-2, ¶ 3).  Yet, Defendants' position ignores that cross-examination cannot undo the obvious falsity of Defendants' own statements, including that Mil Mujeres had "no licenses to provide Immigration Services…" (See D.E. 18-4 at 2).  No cross examination can demonstrate the opposite.  Furthermore, the R&R made no findings about the use, or lack thereof, of live testimony at the hearing.  Therefore, this argument should be discarded as it is not responsive to either Plaintiff's Objections or the R&R.

In addition, the Response half-heartedly argues that they "…do not even know if the party seeking redress has standing." (D.E. 57 p. 2, ¶ 6).  However, the Response does not explain how Mil Mujeres lacks standing.  Interestingly, Defendants failed to plead lack of standing as an affirmative defense in their Answer which means they waived the standing defense.  (D.E. 19).

Nevertheless, even if Defendants did not waive the standing argument, it is evident from the record that Plaintiff has standing to bring this matter.

To establish standing, a party must show it suffered an injury, causation and redressability. First, "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (citations and internal quotation marks omitted). Second, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (alterations adopted) (citation and internal quotation marks omitted). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted); *City of Miami Gardens v. Wells Fargo & Co*., 931 F.3d 1274, 1282 (11th Cir. 2019).

Mil Mujeres clearly has standing. It suffered an injury as a result Defendants' defamatory statements and tortious interference with Mil Mujeres' business relationships. Indeed, the law presumes an injury in the context of this dispute where Defendants' defamatory statements impugn Mil Mujeres' professional standing as a non-profit legal services provider. *See, e.g.,* fn. 1 *supra*. The injury is plainly traceable to Defendants' writings and is made all the more obvious by Panova's admission that Defendants intended to injure Mil Mujeres. (D.E. 43-6 at p. 23) (Panova stating: "[Mil Mujeres] are saying that they started getting clients coming to them who were saying that they heard that they were immigration fraudsters and that is why they didn't hire Mil Mujeres – and that is exactly what we wanted to accomplish."). A favorable decision requiring Defendants to remove past defamatory statements would relieve Mil Mujeres of continued injury, meaning

that the injury will be redressable.  Thus, Defendants' standing argument is yet another meritless red-herring.  Their argument is also irrelevant to the R&R's findings and Mil Mujeres' objections.

### 2.   There is No Evidence of Plaintiff Engaging in Fraudulent Sponsorship Activity

The R&R improperly focuses on complex issues of sponsorship, including whether Mil Mujeres offered sponsors on legally appropriate terms.  (D.E. 44 at ¶¶ 5-10).  Plaintiff's objection here is two-fold.  First, there was expressly no sponsor offered to Ianina Shuvalova ("Shuvalova") and thus, there was no need to evaluate issues surrounding sponsorship.  Second, the USCIS article does not establish, nor has the R&R identified, how any actions by Plaintiff amount to a "fraudulent scheme" or "scam".  Defendants' Response fails to sufficiently oppose either of these arguments.

Instead, the Response primarily focuses on a discussion regarding the Telegram message exchange between Shuvalova and Mil Mujeres' Paralegal.  (D.E. 57 p. 3, ¶ 8-9, 11; see also D.E. 29-1 at p. 3).  Plaintiff did not misstate the evidence as Defendants' Response claims.  (D.E. 57 p. 3, ¶¶ 8-9).  Defendants contend that the statement made by Mil Mujeres' paralegal – "Did you find a sponsor?  You ended up not contacting us for the sponsor." – confirms that Mil Mujeres offered Shuvalova a sponsor.  (D.E. 57 p. 3, ¶ 8; see generally D.E. 44 p. 4, ¶ 10, D.E. 29-1 at 3).  However, Defendants' spin on the alleged meaning of this statement is not consistent with the following statement made by Mil Mujeres' paralegal, which expressly and unequivocally states Mil Mujeres did not offer Shuvalova a sponsor.  (*See* D.E. 29-1 at p. 3) (Paralegal stating "I did not offer you any sponsors.  On the contrary, I said we are not doing this.  You must have me confused with someone else.").  Simply put, it is not reasonable to conclude that Mil Mujeres offered a sponsor based on the self-contradictory evidence presented by Defendants.

Nevertheless, whether or not a sponsor was offered is irrelevant to the defamatory statements made about Mil Mujeres professional conduct.  Specifically, Defendants, through

Articles 1, 2, 3, and in the YouTube video, published assertions that Mil Mujeres is a "fraud", "scam", or "crook" engaged in "fraudulent schemes" or offering "illegal services" in the context of providing professional immigration legal services. (D.E. 43-2, 43-3, 43-3, 43-5, 43-6, at pp. 22-25; D.E. 44 at p. 8). The Response fails to offer relevant law or substantive factual analysis opposing Plaintiff's position that these statements constitute textbook defamation *per se*.

Despite the defamatory nature of these statements, the R&R based its inability to conclude a likelihood of success on the merits for all counts, on the USCIS warning article. (D.E. 44 at p. 8). This constitutes error. The R&R did not connect the USCIS to Mil Mujeres' actions to explain how those actions could be illegal or constitute a fraud or scam. The USCIS warnings are just that, warnings. (D.E. 57 at p. 6). In fact, the USCIS website provides no legal authority prohibiting sponsors for a fee. Nothing in the R&R or the Defendants' Response identifies how Plaintiff's actions were legally inappropriate. Thus, even if the Court determined that Mil Mujeres offered Shuvalova a sponsor, which Mil Mujeres' Paralegal plainly denied in the text exchange, there is no basis for finding lack of likelihood of success on the merits as a result of the USCIS report.

### 3.   Defendants' Past Tortious Activity Requires Appropriate Injunctive Relief

Defendants' Response and the R&R fail to recognize that Mil Mujeres simply seeks an injunction remedying the ongoing harm occasioned by Defendants' past tortious activity. Unlike cases enjoining future unspoken speech, Mil Mujeres merely seeks to remove writings and statements that are illegal in and of themselves. *See, e.g.,* fn. 1 *supra*. For example, the Magistrate properly found there is a substantial likelihood of success on the merits to show Defendants' statement that Mil Mujeres had "no licenses to provide Immigration Services…" is false. (D. E. 44 at p. 8). Thus, it is proper to order injunctive relief requiring removal of this illegal statements as well as Defendants' statements that flow from it, including the unfounded accusations of Mil

Mujeres engaging in frauds and scams. *See, e.g., Gold & Diamond Buyers v. Friedlich*, No. 11-21843-CIV-Jordan, 2011 U.S. Dist. LEXIS 17125, at *8-9 (S.D. Fla. Sept. 23, 2011); *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1209 (6th Cir. 1990) (injunction necessary to prevent future injury to plaintiff's reputation and business relations but limiting the injunction's application only to past statements found false and libelous).

Defendants' Response confuses the issues regarding defamation to cause further unnecessary complications. Specifically, Defendants complain, without providing any factual analysis or legal authority, that Mil Mujeres have not shown or provided any evidence that the articles or YouTube videos caused a loss of clients. (D.E. 57 p. 5, ¶ 17). However, defamation of this nature, which impugns Mil Mujeres in its profession of providing immigration legal services constitutes defamation *per se. Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953); *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV-SEITZ/SIMONTON, 2011 U.S. Dist. LEXIS 96939, at *22 (S.D. Fla. Aug. 30, 2011). "…In a libel per se action, special damages need not be shown to sustain the action because malice is presented as a matter of law in such cases." *Johnson v. Finance Acceptance Co.*, 118 Fla. 397, 400-01, 159 So. 364 (Fla. 1935). "Per se defamatory statements are 'so obviously defamatory' and 'damaging to reputation' that they 'give[] rise to an absolute presumption both of malice and damage.'" *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Thus, there is no requirement for Plaintiff to make the kind of showing that Defendants demand in their response.

### III. CONCLUSION

Defendants' Response arguments are not responsive to Plaintiff's Objections or the Court's R&R. Their arguments lack analysis supporting Defendants' contentions and are simply wrong. Mil Mujeres' Objections show how the R&R errs in concluding that the preliminary injunction

motion should be denied.  Entry of a narrow preliminary injunction requiring Defendants to remove the defamatory writings and statements from continued publication avoids imposing a prior restraint on speech not yet spoken and protects Mil Mujeres from the ongoing harm associated with continued publication of injurious false accusations of having "no licenses to provide Immigration Services" or using "fraudulent schemes" or "scams" in the provision of its legitimate non-profit legal services.  The R&R erred in concluding that a narrow injunction should not be entered in this case, and the absence of a preliminary injunction prejudices Mil Mujeres.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com
By: *s/ Manpreet M.K Uppal-Gupta*
    Manpreet M.K. Uppal-Gupta
    Florida Bar No.: 1019779
    Manpreet.Uppal-Gupta@lewisbrisbois.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 23rd day of June 2023, a true and correct copy of the foregoing was filed via the CM/ECF system, which will serve a true and correct copy of the same to all the attorneys of record.

| | |
|---|---|
| **Mandic Law Group, PA** | **Law Offices of Andre G. Raikhelson, LLC** |
| Tamara Milosevic, Esq. | Andre G. Raikhelson, Esq. |
| 2924 Collins Ave, Suite 301 | 7000 W. Palmetto Park Rd., Suite 210 |
| Miami Beach, FL 33140 | Boca Raton, FL 33433 |
| Tel. No.: 305-904-9943 | Tel. No.: 954-895-5566 |
| Email: tamara@mandiclawgroup.com | Email: arlaw@raikhelsonlaw.com |

*s/Manpreet M.K. Uppal-Gupta*
Manpreet M.K Uppal-Gupta, Esq.

9

10