UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14056-KMM

MIL MUJERES, INC.,

       Plaintiff,

v.

RUBIC, LLC, *et ano.*,

       Defendant.

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Rubic, LLC and Kateryna Panova move for judgment on the pleadings as to Plaintiff Mil Mujeres, Inc.'s operative First Amended Complaint ("FAC") [ECF No. 7]. In support, Defendants state:

## **Introduction and Background**

This is a Strategic Lawsuit Against Public Participation (SLAPP) in response to Rubic's reporting about Plaintiff's immigration-law-related activities. In response to Rubic's Russian-language reporting directed to Russian-speaking asylum speakers, Plaintiff filed this lawsuit seeking damages for defamation per quod, defamation per se, defamation by implication, tortious interference, as well as for injunctive relief. Based on the pleadings, the entirety of the FAC should be dismissed for several reasons. The defamation claims (Counts I–III) are infirm because Plaintiff failed to provide adequate presuit notice, has not pleaded publication, cannot show actual malice, and failed to show special damages for its per quod claim. Its tortious interference claim (Count IV) should be dismissed as barred under the single-action rule. And Count V is an improper independent cause of action for injunctive relief that must be dismissed.

## Argument

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).[1] Judgment on the pleadings is appropriate when there are no material facts in dispute and the movant is entitled to judgment "rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *StoneEagle Servs., Inc. v. Pay–Plus Sols., Inc.*, 2015 WL 518852, at *1 (M.D. Fla. Feb. 9, 2015). "In determining whether a party is entitled to judgment on the pleadings, [a court] accept[s] as true all material facts alleged in the non-moving party's pleading, and [the court] view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

Here, Plaintiff alleges that several instances of Rubic's news reporting constitute defamation under Florida law. It also alleges that the reporting constituted tortious interference and that Defendants should be ordered to remove the subject news reports. Each of these claims is subject to dismissal under Rule 12(c) for the following reasons.

### A. Plaintiff Failed to Properly Plead Claims for Defamation in Counts I–III.

For Plaintiff to allege defamation under Florida law in Counts I through III, it must plead and prove these elements: (1) a false and defamatory statement of and concerning another; (2) an

---

[1] Although trial is currently scheduled for February 26, 2024, Defendants will be asking the Court to continue the trial given that Defendants did not have counsel and neither party engaged in discovery for the past several months while Defendants were permitted time to obtain new counsel. Defendants are currently endeavoring to confer with Plaintiff on this matter. Even if the trial proceeds in February, Defendants believe that there is sufficient time to adjudicate these issues given that they are relatively straightforward.

unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) damages. *Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (citing *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla. 1st DCA 1997)); *see also Readon v. WPLG, LLC*, So. 3d 1229, 1235 (Fla. 3d DCA 2021), *review denied*, 2021 WL 3523557 (Fla. Aug. 11, 2021). Although the news reporting is protected opinion and not defamatory as a matter of law, Defendants need not wade into questions of whether the record needs to be developed on those issues, and instead can meet its burden for four other important reasons.

### 1. Plaintiff failed to provide adequate presuit notice under section 770.01, Florida Statutes.

To begin with, Plaintiff failed to provide adequate presuit notice to Defendants for each of the subject articles and reports. Although the FAC states that Plaintiff complied with all conditions precedent to instituting this action, *see* FAC ¶ 6, it later states that it gave notice "although under no obligation to do so" on or about February 8, 2023. *Id.* ¶ 40. Because Plaintiff has referenced a specific document that is not attached to the FAC, Defendants can rely on that record for purposes of this motion without converting it to a motion for summary judgment. *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002).

In *Horsley*, the Eleventh Circuit held that a court may consider a document attached to a motion to dismiss without converting it to a motion for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed—"that the authenticity of the document is not challenged." 304 F.3d at 1134. "[I]f the document's contents are alleged in a complaint and no party questions those contents, [courts] may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

The attached presuit notice dated February 8, 2023 fails to provide sufficient notice to Defendants because it identified only <u>three</u> of the subject reports and did not identify <u>any</u> alleged defamatory statements. *See* Demand Letter, attached as **Exhibit 1**. The notice was also required by Plaintiff because Defendants fall under the statute. *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1327 (S.D. Fla. 2012) ("The Florida Supreme Court has explained that one of the objectives of the statute was to afford newspapers and periodicals an opportunity to make a full retraction to correct errors and avoid exposure to punitive damages," citing *Ross v. Gore*, 48 So.2d 412 (Fla.1950)). Defendants are media defendants under the statute. *Rodriguez*, 877 F. Supp. 2d at 1327 (citing *Mancini v. Personalized Air Conditioning & Heating, Inc*., 702 So.2d 1376, 1380 (Fla. 4th DCA 1997) (media defendants are those individuals "engaged in the dissemination of news and information through the news and broadcast media"); *see also Plant Food Sys., Inc. v. Irey*, 165 So. 3d 859, 861 (Fla. 5th DCA 2015) (Florida courts have found that the notice requirement under section 770.01 applies internet sources, the "purpose of which is the free dissemination of news or analytical comment on matters of public concern.").

According to section 770.01, Florida Statutes, Plaintiff was required to provide "notice in writing on the defendant, <u>specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory</u>." (emphasis supplied). The attached notice, however, fails to identify the "Fourth Defamatory Article" linked in paragraph 33 of the FAC, and does not reference a single alleged defamatory statement from the three articles that are linked in the notice. The notice further references no other specific article or reporting by Defendants. Because the notice does not meet the plain language of section 770.01, Counts I through III should be dismissed, as well as Count V for injunctive relief related to those claims.

**2.   Plaintiff did not sufficiently plead publication.**

Plaintiff has also not pleaded publication. To show publication, Plaintiff must allege the "identity of the particular person to whom the remarks were made with a reasonable degree of certainty" to afford Defendants "enough information to determine affirmative defenses." *Aflalo v. Weiner*, No. 17-61923-CIV, 2018 WL 3235529, at *4 (S.D. Fla. July 2, 2018) (quoting *Ward v. Triple Canopy, Inc.*, No. 8:17-cv-802-T-24 MAP, 2017 WL 3149431 (M.D. Fla. July 25, 2017)); *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981). In *Buckner*, the court found that the plaintiff had not adequately pleaded the publication element of defamation by alleging the defamatory remarks were made to "numerous third parties on numerous occasions." 403 So. 2d at 1027–28. This was insufficient because a complaint must identify the particular person to whom the remarks are made with a reasonable degree of certainty. *Id.* Similarly, in *Aflalo*, the court dismissed a claim that publication was met because a statement was put on a "Facebook wall 'for all to see'" because it failed to identify a reasonable degree of certainty as to whom the post was made. *Aflalo*, 2018 WL 3235529, at *4. Here, the FAC fails to plausibly allege to whom the particular reports were made. Plaintiff writes that the statements were "to third parties" and "readers of Rubic," FAC ¶ 45, but that is not sufficient.

**3.   Plaintiff failed to plead the requisite degree of fault.**

Where, as here, Plaintiff is a public figure, it must allege that Defendants published the statements at issue with actual malice—with knowledge of their falsity or with a reckless disregard for their truth or falsity. *Gertz*, 418 U.S. at 334; *Rasmussen v. Collier Cnty. Publ'g Co.*, 946 So. 2d 567, 570 (Fla. 2d DCA 2006); *Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1239 (11th Cir. 1999). The FAC fails to do so and instead Plaintiff refutes that it is a public figure. FAC ¶ 41. Whether Plaintiff is a public figure, however, is not up to Plaintiff—it is a "question of law to be

determined by the court." *Mile Marker, Inc.*, 811 So. 2d at 845. It is appropriate for this Court to determine Plaintiff's status as a public figure on a motion to dismiss (and therefore motion for judgment on the pleadings). *Turner*, 879 F.3d at 1271 (finding plaintiff to be a public figure and affirming dismissal).

There are two categories of public figures: general purpose and limited purpose. *Turner*, 879 F.3d at 1272. "General public figures are individuals who, by reason of fame or notoriety in a community, will in all cases be required to prove actual malice." *Id.* By contrast, limited purpose public figures are those "who have thrust themselves forward in a particular public controversy and are therefore required to prove actual malice only in regard to certain issues." *Id.*; *see also Gertz*, 418 U.S. at 351. The inquiry into whether a plaintiff is a limited-purpose public figure involves three steps: (1) identifying whether there is a public controversy; (2) determining whether plaintiff played a central role in the controversy; and (3) determining whether the challenged statements were germane to the plaintiff's role in the controversy. *Friedgood v. Peters Publ'g Co.*, 521 So. 2d 236, 239 (Fla. 4th DCA 1988); *Della-Donna v. Gore Newspapers Co.*, 489 So. 2d 72, 76 (Fla. 4th DCA 1986).

The claims in the FAC center around a matter of public concern—immigration services to Russian-speaking asylum speakers in the wake of the Russian invasion of Ukraine—which are a matter of public concern. Plaintiff is at least a limited purpose public figure because the statements in the articles are germane to the controversy—they concern claims that asylum-speakers are being deceived by immigration providers. Additionally, Plaintiff is a limited public figure because it purports to operate in a highly regulated field—legal services—, *Green Grp. Holdings, LLC v. Schaeffer*, 2016 WL 6023841, at *15 (S.D. Ala. Oct. 13, 2016) (citing *Silvester v. Am. Broad. Cos., Inc.*, 839 F.2d 1491 (11th Cir. 1988) for the proposition that the "highly regulated nature" of the

jai alai industry underscored the "public nature of the controversy"), and because it has "voluntarily placed" itself under "public scrutiny and comment" through the business practices that Rubic has reported on. *Silvester*, 839 F.2d at 1494.

Because Plaintiff is a public figure, it must meet the "daunting" standard of actual malice. *Klayman v. City Pages*, 2015 WL 1546173, at *40 (M.D. Fla. Apr. 3, 2015). Failure to do so will lead to dismissal of the action. *Michel v. NYP Holdings, Inc*., 816 F.3d 686, 702 (11th Cir. 2016) ("every circuit that has considered the matter has applied the *Iqbal/Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice"); *see also Turner*, 879 F.3d at 1274 (affirming dismissal of defamation case brought by limited-purpose public figure for failure to adequately plead actual malice). A plaintiff must do more than invoke the "magic words" of actual malice; failure to do so dooms a plaintiff's claim. *See, E.g., Baker v. Joseph*, 938 F. Supp. 2d 1265, 1269 (S.D. Fla. 2013). Instead, Plaintiff must "set forth facts which are legally sufficient to establish actual malice." *Frieder v. Prince*, 308 So. 2d 132, 134 (Fla. 3d DCA 1975) (no actual malice alleged); *Don King Prods., Inc. v. Walt Disney Co*., 40 So. 3d 40, 43 (Fla. 4th DCA 2010) (there must be evidence to "permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [their] publication.") (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)).

Plaintiff offers no evidence other than conclusory allegations that the publications were false. Plaintiff's halfway[2] invocation of the "magic words" alone cannot by itself demonstrate the requisite degree of fault. *Readon*, 317 So.3d at 1235 (it is not merely a defendant's "failure to

---

[2] It says the statements "were <u>likely</u> made" with actual malice. FAC ¶ 46 (emphasis supplied).

investigate," but her "purposefully avoid[ing] further investigation with the intent to avoid the truth," quoting *Michel*, 816 F.3d at 701–02). Nothing in the FAC suggests falsity that rises to the level of actual malice. *St. Amant*, 390 U.S. at 732 (U.S. Supreme Court has explained, "actual malice" is generally limited to circumstances where a "story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call."). Because Plaintiff has not sufficiently shown actual malice, the defamation claims should be dismissed. *Turner*, 879 F.3d at 1274 (affirming dismissal of defamation case brought by limited-purpose public figure for failure to adequately plead actual malice); *Don King Prods., Inc. v. Walt Disney Co*., 40 So. 3d 40, 43 (Fla. 4th DCA 2010) (there must be evidence to "permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [their] publication.") (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)).

### 4. Plaintiff failed to sufficiently plead special damages for defamation per quod.

In Count I, Plaintiff seeks "special damages" for its defamation per quod claim. For defamation per se claims, courts have found that proof of special damages is not necessary. *Campbell v. Jacksonville Kennel Club, Inc*., 66 So.2d 495, 497 (Fla. 1953). But for defamation per quod claims, such proof is required. *Wolfson v. Kirk*, 273 So.2d 774, 776 (Fla. 4th DCA 1973). Although Plaintiff invokes the magic words "special damages," it identifies no type of loss. Such damages "do not result by implication of law," and "it is necessary for a plaintiff to show his special damages proximately resulted from the defamation." *Grayson v. No Labels, Inc*., 601 F. Supp. 3d 1251, 1257 (M.D. Fla. 2022) (quoting *Army Aviation Heritage Found. & Museum, Inc. v. Buis*., 504 F. Supp. 2d 1254, 1260 (N.D. Fla. 2007)). "[T]he chief characteristic of special damages is a realized or liquidated loss." *Grayson*, 601 F. Supp. 3d at 1257 (quoting *Anderson v.*

*Smith*, 2020 WL 10058207, at *3 (M.D. Fla. Mar. 24, 2020)). Because Plaintiff does not identify

any realized or liquidated loss in the FAC, Count I should be dismissed.

### B.   Count IV is Barred under the Single-Action Rule.

Plaintiff's tortious interference claim is barred under the single-action rule because it is

entirely premised on the alleged defamatory content. Under Florida law, the "single action rule"

provides that the publication of allegedly false and defamatory material gives rise to but a single

cause of action—defamation. *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992); *see also*

*Ovadia v. Bloom*, 756 So. 2d 137, 140–41 (Fla. 3d DCA 2000) (noting the single action rule

"does not permit multiple actions to be maintained when they arise from the same publication

upon which a failed defamation claim is based") (emphasis in original). The purpose of the

single action rule is to ensure that a plaintiff does not use alternative tort claims to evade the

requirements of defamation law, including to circumvent the two-year statute of limitations or

avoid pre-suit notice requirements, by redescribing a defamation action as another tort.

*Fridovich*, 598 So. 2d at 69–70; *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d

607, 608 (Fla. 4th DCA 1975) (single action rule precludes interference claims premised upon

allegedly defamatory statements for which no presuit notice was supplied).

The rule prevents litigants from making an end run around the privileges, protections, and

defenses available in defamation actions by simply renaming their defamation claims as some

other tort. *Orlando Sports Stadium*, 316 So. 2d at 609; *see also Callaway Land & Cattle Co. v.*

*Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002) ("The rule is designed to

prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the

same facts into several causes of action all meant to compensate for the same harm" (citation

omitted)). And it prohibits defamation claims from being "re-characterized in additional,

separate counts […] if the claim arises from the same publication." *Kamau v. Slate*, 2012 WL 5390001, at *7 (N.D. Fla. Oct. 1, 2012), report and recommendation adopted, 2012 WL 5389836 (N.D. Fla. Nov. 5, 2012). Put simply, when a claim overlaps with defamation, it must be treated as a defamation claim. *Seminole Tribe v. Times Publ'g*, 780 So. 2d 310, 318 (Fla. 4th DCA 2001).

Here, the same body of facts pervades both Plaintiff's defamation and tortious interference claims. Plaintiff claims Defendants tortiously interfered through improper means because they "published false and defamatory content regarding Mil Mujeres." FAC ¶ 58. Plaintiff asserts that "[a]s a result of the Defendants' false and defamatory statements, Mil Mujeres has suffered damages" under a theory of tortious interference. *Id.* ¶ 59. This is precisely the type of claim the single-action rule was designed to prevent.

Because the same set of operative facts are alleged in support of Plaintiff's tortious interference and defamation claims, they are treated as the original defamation claim, subject to the same conditions, elements, privileges, and defenses applicable in the law of defamation. *See Seminole Tribe*, 780 So. 2d at 318. The "single action rule requires" dismissal of Plaintiff's extraneous claims with prejudice. *See, e.g., Callaway Land & Cattle Co.*, 831 So. 2d at 208 (barring duplicative tortious interference claims); *Orlando Sports Stadium*, 316 So. 2d at 609 (barring duplicative tortious interference claims); *Tobinick v. Novella*, 2015 WL 328236, at *11 (S.D.Fla. Jan. 23, 2015) (dismissing claim based on the allegedly false and defamatory statements that established defamation claim); *Klayman v. Judicial Watch, Inc*., 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014) (barring claims where plaintiff did not show "the existence of any independent facts, distinct from the subject of his defamation claim, on which he base[d] these additional claims"); *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1339

(S.D. Fla. 1998) (allowing defamation claim to proceed but dismissing additional claim with prejudice because it was based on the "same facts giving rise to the claim for defamation.").

### C.  Plaintiff's Claim for Injunctive Relief in Count V is Impermissible.

In Count V, titled "injunctive relief," Plaintiff seeks to have the subject articles taken down. Injunctive relief, however, is a remedy, not a separate cause of action.  *See Rubinstein v. Keshet Inter Vivos Tr.*, 2018 WL 3730875, at *7 (S.D. Fla. June 11, 2018) (noting that "there are an abundance of cases establishing that injunctive relief 'is a remedy, not a separate cause of action'") (quoting *Espinoza v. Countrywide Home Loans Servicing, LP*, No. 14-20756, 2014 WL 3845795, at *7 (S.D. Fla. Aug. 5, 2014)); see *also Ala. v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action .... There is no such thing as a suit for a traditional injunction in the abstract."). Count V should therefore be dismissed.

### <u>Conclusion</u>

For all these reasons, Defendants Rubic, LLC and Kateryna Panova request that the Court grant this motion and dismiss Plaintiff Mil Mujeres, Inc.'s First Amended Complaint in its entirety. Dated: January 26, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Defendants*