UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14056-KMM

MIL MUJERES, INC.,

    Plaintiff,

v.

RUBIC, LLC, *et ano.*,

    Defendant.

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the parties jointly file this motion to modify the Scheduling Order [ECF No. 41] to extend the trial and all pretrial dates. As grounds, the parties state:

### Introduction and Background

This is a lawsuit for defamation, tortious interference, and injunctive relief brought by Mil Mujeres, Inc. against Defendants Kateryna Panova and Rubic, LLC regarding content in four articles published online by Rubic. [ECF No. 7]. Plaintiff moved for a preliminary injunction, the Court held a hearing, and a report and recommendation followed, with objections, that recommended that the preliminary injunction motion be denied. [*See, e.g.*, ECF Nos. 18 & 44]. Defendants answered the operative complaint [ECF No. 19], but in August 2023, defense counsel withdrew and neither Defendant was represented by counsel until January 26, 2024. [*See* ECF Nos. 69 & 87]. While Defendants were unrepresented the Court had permitted them time to seek counsel and delay in responding to Plaintiff's written discovery requests. [ECF Nos. 72, 81, 86]. During that time neither party engaged in any other discovery efforts given that the Court had abated

Defendants' requirement to respond to the issued written discovery while they sought counsel.

Trial is set for February 26, 2024 in this matter—in less than a month. [ECF No. 41]. Given that while the Court had abated Defendants' requirement to respond to discovery, neither party had an opportunity to develop the record, engage in discovery, participate in mediation, or file dispositive motions based on a developed record, the parties would respectfully request that the Court modify the Scheduling Order to permit them time to conduct discovery in this case. Based on the circumstances of this case, the parties believe they have good cause to modify the schedule to have trial occur in September or October 2024 and retain the deadlines set forth in the Scheduling Order (*e.g.*, that the parties would have until 100 days before the modified trial date to complete discovery, etc.). In the event the Court is disinclined to modify the Scheduling Order, defense counsel would request that the trial date be moved because he is registered to sit for the Georgia Attorney's Exam on February 27, 2024, and has expended considerable time and financial resources in preparation for that exam. *See* Declaration of James M. Slater, attached as **Exhibit 1**.

## Memorandum of Law

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court

should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997). Here, the parties believe that the above-stated circumstances constitute good cause. Defendants were unrepresented by counsel for months and were not required to respond to Plaintiff's written discovery requests. Given the Court's orders, Plaintiff did not believe it was appropriate to issue further discovery requests or seek to endeavor in other discovery matters, such as depositions. For that reason, the inability to complete discovery and prosecute/defend the case is through no fault of the parties or lack or their lack of diligence.

## Conclusion

For all these reasons, the parties respectfully request that the Court grant this motion and modify its Scheduling Order to permit trial in September or October 2024, as the Court's schedule permits. In the event the Court denies that request, Defendants would ask that the Court reset trial for some date after the week of February 26, 2024 so that their newly appearing counsel can complete the Georgia Attorney Exam as scheduled.

Dated: January 29, 2024.

Respectfully submitted,

| | |
|---|---|
| **David H. Haft** | **James M. Slater** |
| David H. Haft (FBN 68992) | James M. Slater (FBN 111779) |
| Manpreet Uppal-Gupta (FBN 1019779) | Slater Legal PLLC |
| Nicholas H. Esser (FBN 121832) | 113 S. Monroe Street |
| Lewis Brisbois Bisgaard & Smith LLP | Tallahassee, FL 32301 |
| 110 SE 6th Street, Suite 2600 | Tel.: (305) 523-9023 |
| Tel. (954) 828-0357 | james@slater.legal |
| Fax (954) 678-4090 | |
| David.Haft@lewisbrisbois.com | *Attorneys for Defendants* |
| Manpreet.Uppal-Gupta@lewisbrisbois.com | |
| nicholas.esser@lewisbrisbois.com | |

*Attornneys for Plaintiff*

3

**Certificate of Compliance with CM/ECF Administrative Procedure 3J(3)**

I hereby certify that, pursuant to CM/ECF Administrative Procedure 3J(3), counsel for Plaintiff consented to the filing of this Joint Motion to Modify the Scheduling Order and authorized the undersigned in writing to sign for Plaintiff's counsel.

**James M. Slater**
James M. Slater