UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14056-KMM

MIL MUJERES, INC.,

    Plaintiff,

v.

RUBIC, LLC, *et ano.*,

    Defendant.

## UNOPPOSED MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES

Pursuant to Rules 15 and 16(b) of the Federal Rules of Civil Procedure, Defendants Rubic, LLC and Kateryna Panova move for leave to include additional affirmative defenses in their answer to the operative First Amended Complaint ("FAC") [ECF No. 7]. In support, Defendants state:

### Introduction and Background

1. Plaintiff Mil Mujeres, Inc. filed this lawsuit for defamation and tortious interference against Defendants in response to Rubic's reporting about Plaintiff's immigration-law-related activities.

2. Through Defendants' prior representation, Defendants raised several affirmative defenses with respect to the two claims. [ECF No. 19].

3. The parties then litigated Plaintiff's motion for preliminary injunction [*see, e.g.,* ECF Nos. 18 & 44], after which Defendants' counsel withdrew from the case and neither Defendant was represented by counsel until January 26, 2024. [*See* ECF Nos. 69 & 87].

4. While Defendants were unrepresented the Court had permitted them time to seek counsel and delay in responding to Plaintiff's written discovery requests. [ECF Nos. 72, 81, 86]. As referenced in their joint motion to modify the Scheduling Order, the parties informed the Court that during that time neither party engaged in any other discovery efforts given that the Court had abated Defendants' requirement to respond to the issued written discovery while they sought counsel. [ECF No. 89].

5. Now, with the benefit of newly appearing counsel, Defendants seek leave to amend their affirmative and other defenses to include the following defenses:

- The claims are barred under Section 768.295, Fla. Stat., and Defendants assert entitlement to attorney's fees;
- Plaintiff is libel-proof;
- Plaintiff is required to and has failed to plead special damages for its per quod claims;
- Plaintiff has failed to mitigate its damages;
- Plaintiff's tortious interference claims are barred by the single-action rule;
- Plaintiff's injunctive relief claim is not a proper independent cause of action.

6. Plaintiff does not oppose this requested relief.

**Argument**

Rule 15 provides that a party may amend its pleading with "the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a district court will look to determine whether (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile" when considering whether to grant leave

2

under Rule 15(a)(2). *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Additionally, Rule 16(b) directs the district court to enter an order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). This scheduling order "may be modified only for good cause shown and with the judge's consent." *Id.* at (b)(4). Only after determining that good cause is met under Rule 16(b) to modify the time to amend under the scheduling order, will a district court look to the requirements of Rule 15(a). *Yellow Pages Photos, Inc. v. Yellow Book USA, Inc.*, 2009 WL 10670233, at *1 (M.D. Fla. Aug. 14, 2009) ("If the party fails to meet the good cause requirement of [Rule] 16(b), no need exists to determine the propriety of the proposed amendment under [Rule] 15(a)."). The Eleventh Circuit's caselaw defines the "good cause" standard under Rule 16 to require diligence. *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1377–78 (M.D. Fla. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

### A. Defendants can show good cause for leave to amend.

The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020). Here, it cannot be said that Defendants were not diligent. They were without counsel for months while the case was essentially at a standstill. As soon as newly appearing counsel was retained in this case, Defendants identified several issues with the Complaint and raised them in a Rule 12(c) motion. [ECF No. 88]. Defendants also identified those issues in correspondence to Plaintiff and asked for its position on a motion for leave to include the defenses raised in the Rule 12(c) motions—that the tortious interference claims are barred under the single-action rule, the injunction claim is not a separate cause of action, and that Plaintiff was required to plead special damages for its per quod claims—as well as other defenses that were not

initially raised in Defendants' answer—whether Plaintiff has failed to mitigate damages, whether it is libel-proof for purposes of these issues, and whether Defendants, if they prevail, should be entitled to the protections of Florida's anti-SLAPP statute. Given that Defendants have promptly sought to include these matters as soon as they retained counsel, the Court should find that the good-cause standard is met.

### B. There is no prejudice, and the relief is proper.

There is also no prejudice in amending Defendants' answer to include additional defenses because Defendants are not including new theories that would necessitate additional discovery. *See Tampa Bay Water v. HDR Eng'g, Inc*., 731 F.3d 1171, 1186 (11th Cir. 2013) (prejudice is likely to exist if amendment involves new theories that require additional discovery; affirming denial of motion for leave because it was filed after discovery closed) (quotation omitted). Instead, Defendant seeks to add additional defenses that go to the heart of Plaintiff's claims, whether it has mitigated its damages vis-à-vis those claims, and whether Defendants can seek protection under the anti-SLAPP statute's fee-shifting provisions. *See Reed v. Chamblee*, 2024 WL 69570, at *6 (M.D. Fla. Jan. 5, 2024) (collecting cases for the proposition that despite the procedural mechanism possibly not applying in federal courts sitting in diversity, the "fee provision" in the Florida anti-SLAPP statute has been enforced by "the tide of the Courts within the Circuit").

Further, as evidenced by Defendants' motion for judgment on the pleadings, their defenses are a proper subject of relief. Caselaw is clear that unless Plaintiff has asserted some additional measure of damages it cannot raise both tortious interference and defamation claims for the same statements and same alleged harms. [*See* ECF No. 88]. The same is true for Defendants' other proposed defenses related to the propriety of the injunctive claim and failure to assert special damages. And whether Plaintiff is libel-proof for the issues asserted in the FAC and whether it has

mitigated damages, if any, are viable and proper defenses in a defamation action. When the facts or circumstances relied upon by a party may be a proper subject of relief, leave to amend should be freely given under Rule 15(a). *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Unless "there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

## Conclusion

For all these reasons, Defendants Rubic, LLC and Kateryna Panova request that the Court grant this motion and permit them to file the attached proposed Answer and Affirmative Defenses to the First Amended Complaint that has been modified only to add the additional defenses addressed in this motion.

## Certificate of Good-Faith Conference

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Plaintiff's counsel has stated that Plaintiff does not oppose the relief requested herein.

Dated: February 7, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Defendants*