UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF FLORIDA

MIL MUJERES, INC.,
    Plaintiff,

Case No.: 2:23-CV-14056-KMM

v.

RUBIC, LLC and KATERYNA PANOVA,
    Defendants.
_____/

**DEFENDANTS, RUBIC, LLC and KATERYNA PANOVA'S,
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW,** Defendants RUBIC, LLC and KATERYNA PANOVA, hereby through the undersigned counsel answer the Plaintiff's First Amended Complaint as follows:

1. The allegations of paragraph 1 are averments of jurisdiction to which RUBIC, LLC and KATERYNA PANOVA are not required to respond, but to the extent a response is required, RUBIC, LLC and KATERYNA PANOVA deny the allegations and demand strict proof thereof.

2. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 3. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

3. RUBIC, LLC admits the allegation that Rubic LLC., has a principal place of business in Martin County, FL. The rest of the allegations are denied and RUBIC, LLC demands strict proof thereof.

1

4. KATERYNA PANOVA denies the allegations of paragraph 4 and demands strict proof thereof.

5. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 5 and demand strict proof thereof.

6. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 5 and demand strict proof thereof.

7. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 7. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

8. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 8. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

9. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 9. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

10. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 10. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

11. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 11. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

12. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 12 only to the allegation that RUBIC publishes content on its website directed to Russian speaking immigrants. The rest of the allegations are denied.

13. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 13 only to the allegation that Rubic has a section providing information about Russian speaking immigration lawyers. The rest of the allegations are denied.

14. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 14 only to the allegation that Rubic's website provides the information about immigration law issues and topics. The rest of the allegations are denied.

15. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 15.

16. The allegations of paragraph 16 is a legal question not a factual question requiring a response. Otherwise denied, RUBIC, LLC and KATERYNA PANOVA demand strict proof thereof.

17. The allegations of paragraph 17, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

18. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 18 and demand strict proof thereof.

19. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 19 and demand strict proof thereof.

20. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 20 and demand strict proof thereof.

21. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 21 and demand strict proof thereof.

22. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 15.

23. The allegations of paragraph 23, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

24. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 21 and demand strict proof thereof.

25. The allegations of paragraph 25, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

26. The allegations of paragraph 26, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

27. The allegations of paragraph 27, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

28. The allegations of paragraph 28, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

29. The allegations of paragraph 29, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

30. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 30.

31. The allegations of paragraph 31, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

32. The allegations of paragraph 32, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

33. RUBIC, LLC and KATERYNA PANOVA admit the allegations of Paragraph 33.

34. The allegations of paragraph 34, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

35. The allegations of paragraph 35, specifically the cited article speaks for itself and does not require a response. Otherwise denied.

36. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 36. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

37. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 37 and demand strict proof thereof.

38. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 38 and demand strict proof thereof.

39. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 39 and demand strict proof thereof.

40. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 40. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

41. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 41. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

42. RUBIC, LLC and KATERYNA PANOVA is without knowledge of the allegations in paragraph 42. Therefore, those allegations are denied and RUBIC, LLC and KATERYNA PANOVA hereby demand strict proof thereof.

43. Paragraph 43 does not require an answer.

44. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 44 and demand strict proof thereof.

45. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 45 and demand strict proof thereof.

46. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 46 and demand strict proof thereof.

47. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 47 and demand strict proof thereof.

48. Paragraph 43 does not require an answer.

49. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 47 and demand strict proof thereof.

50. Paragraph 50 does not require an answer.

51. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 51 and demand strict proof thereof.

52. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 52 and demand strict proof thereof.

53. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 53 and demand strict proof thereof.

54. Paragraph 54 does not require an answer.

55. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 55 and demand strict proof thereof.

56. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 56 and demand strict proof thereof.

57. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 57 and demand strict proof thereof.

58. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 58 and demand strict proof thereof.

59. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 59 and demand strict proof thereof.

60. Paragraph 60 does not require an answer.

61. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 61 and demand strict proof thereof.

62. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 62 and demand strict proof thereof.

63. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 63 and demand strict proof thereof.

64. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 64 and demand strict proof thereof.

65. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 65 and demand strict proof thereof.

66. KATERYNA PANOVA AND RUBIC LLC deny the allegations of paragraph 66 and demand strict proof thereof.

67. KATERYNA PANOVA AND RUBIC LLC deny each and every allegation in the first amended complaint, not herein admitted, controverted, or specifically denied.

**WHEREFORE**, having answered the First Amended Complaint in this cause, Defendants, KATERYNA PANOVA AND RUBIC LLC, demand strict proof of all allegations not expressly admitted herein, and demand judgment together with all costs of defense, including such reasonable attorney's fees, as may be recoverable by law.

## AFFIRMATIVE AND OTHER DEFENSES

KATERYNA PANOVA AND RUBIC LLC by and through their undersigned counsel, asserts the following affirmative defenses to the First Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

46. Truth. All of Plaintiff's claims against Defendants fail as all statements and comments made by Defendants about Plaintiff are founded in truth and thus, cannot serve as the basis for a defamation action. Truth is a defense in Florida, so long as the "gist" of the statement is true. *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 706 (Fla. 3rd DCA 1999).

### SECOND AFFIRMATIVE DEFENSE

47. Fair Comment/Bonafide Commercial Purpose. All of Plaintiff's claims against Defendants fail as all statement and comments made by Defendants about Plaintiff were fair comments made by a private citizen exercising their right of speech, discussing matter

8

of public relevancy, as a concerned citizen of the community. Specifically, Plaintiff caters and provides a service to the public and in so doing is subject to fair comment, criticism, and . Defendants rendered statements, comments, and opinions about Plaintiff for bonafide commercial purposes where the interest to be protected was that of the recipients. See, e.g., *Leonard v. Wilson*, 150 Fla. 503, 8 So. 2d 12 (1942); *Putnal v. Inman*, 76 Fla. 553, 80 *810 So. 316 (1918); *Coogler v. Rhodes*, 38 Fla. 240, 21 So. 109 (1897); *Montgomery v. Knox*, 23 Fla. 595, 3 So. 211 (1887).

### THIRD AFFIRMATIVE DEFENSE

48.     Conditional or Qualified Privilege. The matters address by Defendants concerning Plaintiff affect the interest of the public at large. These statements were made in good faith to inform, alert, and caution the public, and potential clients, about the risks inherent in doing business with Plaintiff. Defendants made the statements without malice and exercised their moral and social duty to make statements to a particular audience, in this case, to the limited members of the website group, who had a correlating interest in hearing about the matters addressed by Defendant. Florida puts this rather succinctly and acknowledges qualified privilege will exist when a speaker shares a common right or interest with the recipient. *Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1984). *See also Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906) (stating that a communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matters which would otherwise be actionable, and though the duty is not a legal one but only a moral or social obligation).

## FOURTH AFFIRMATIVE DEFENSE

49. Opinion. Defendants statements were non-malicious expressions of opinion as a matter of law and are therefore, non-actionable. The law does not require that opinions be nice or devoid of negative or unfavorable elements. *See Nodar v. Galbreath*, 462 SO. 2d 803 (Fla. 1984) (finding that the constitutionally protected right to discuss, comment upon, criticize, and debate, indeed, the freedom to speak on any and all matters is extended not only to the organized media but to all persons).

## FIFTH AFFIRMATIVE DEFENSE

50. Failure to state a claim. To allege a claim for defamation, Plaintiff must show that "defendant published a false statement about the plaintiff, 2) to a third party, and (3) the falsity of the statement caused injury to the plaintiff with (4) fault amounting to at least negligence on the defendant's part. *NITV, LLC v.* Baker, 61 So. 3d 1249, 1252 (Fla. 4th DCA 2011). Plaintiff has failed to, among other things, plead any facts concerning or in support of the actual injury or harm suffered by Plaintiff to his "reputation and good standing in the community." The statements provided in the Complaint serve only as conclusory allegations and legal conclusions.

## SIXTH AFFIRMATIVE DEFENSE

51. Lack of Damage Caused by Defendant. Defendants statements and commentary did not cause or contribute any injury to Plaintiff's reputation, goodwill amongst the community, or business affairs.

**SEVENTH AFFIRMATIVE DEFENSE**

52. Failure to comply with a condition precedent. Plaintiff's action cannot proceed as he has failed to comply with the conditions precedent of Section 770.01, Florida Statutes, specifically the requirement to provide notice as to the: (1) specific article; and (2) the exact statements that Plaintiff alleges to be false and defamatory.

**EIGHTH AFFIRMATIVE DEFENSE**

53. Plaintiff's purported claims for tortious interference are barred under Florida law as "protection privilege" to interfere with one's own financial and contractual interest. *Salit v. Ruden, McClosky, Smith Schuster & Russell, P.A.*, 742 So. 2d 381 (Fla. 4th DCA 1999); *Horizons Rehab., Inc. v. Health Care & Ret. Corp.,* 810 So. 2d 958 (Fla. 5th DCA 2002).

**NINTH AFFIRMATIVE DEFENSE**

54. Plaintiff cannot recover for tortious interference of a prospective relationship since Defendants were acting in their own best interest.

**TENTH AFFIRMATIVE DEFENSE**

55. Plaintiff cannot recover for tortious interference of a prospective relationship since Defendants alleged interference was merely negligent or consequential.

**ELEVENTH AFFIRMATIVE DEFENSE**

56. Plaintiff cannot recover for tortious interference of a prospective relationship since Plaintiff failed to identify specific people or entities with whose prospective business relationship Defendants interfered.

**TWELFTH AFFIRMATIVE DEFENSE**

57. Plaintiff cannot recover for tortious interference of a prospective relationship since the relationship Defendants allegedly interfered with an "at will."

**THIRTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiff cannot recover for tortious interference of a prospective relationship since Defendants had a privilege to interfere with Plaintiff's prospective business relationship.

**FOURTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiff cannot recover for tortious interference of a prospective relationship since Defendants' actions did not directly induce the interference with the prospective business relationship.

**FIFTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiff cannot recover punitive damages for failure to comply with Section 768.72 (1), Florida Statutes. This statutory provision requires a showing by evidence in the record, or proffered by the plaintiff, which would provide a reasonable basis for punitive damages before there can be any claim made for such damages. Plaintiff must obtain leave from the court to amend its complaint prior to asserting punitive damages against a party. *Simeon, Inc. v. Cox*, 671 2d 158 (Fla. 1996). Section 768.72 has "created a substantive legal right not to be subject to a punitive damage claim… until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." *Globe Newspaper v. King*, 658 So. 2d 518, 519 (Fla. 1995).

**SIXTEENTH AFFIRMATIVE DEFENSE**

61. Plaintiff's reputation was so tarnished prior to the allegations that give rise to this complaint that Plaintiff is libel-proof. Specifically, Plaintiff is libel-proof for at least the following reason: Plaintiff has a documented history of improper business practices vis-à-vis Russian-speaking immigration services and the professionals it worked with and employed for such services.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate any damages allegedly caused by Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiff's claims are barred to the extent Plaintiff has not shown any special damages proximately caused from the alleged defamatory statements. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So.2d 279, 281 (Fla. 1st DCA 1977).

**NINETEENTH AFFIRMATIVE DEFENSE**

64. Plaintiff's tortious interference claims are barred under the single-action rule, including any claims based upon allegedly defamatory statements not identified in any presuit notice. *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 608 (Fla. 4th DCA 1975).

**TWENTIETH AFFIRMATIVE DEFENSE**

65. Plaintiff's request for injunctive relief is barred on the ground that the complaint does not assert any independent ground for invoking equitable jurisdiction. *See Rubinstein v. Keshet Inter Vivos Tr.*, 2018 WL 3730875 (S.D. Fla. June 11, 2018).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

66.     Plaintiff's complaint is barred because it violates section 768.295, Fla. Stat. (Florida's Anti-SLAPP law). Plaintiff's Amended Complaint is without merit and in retaliation for Defendants' exercise of their free speech rights. Accordingly, Defendants are entitled to their reasonable attorney's fees in defending this action.

**WHEREFORE**, having responded and defended against the allegations of the Complaint in this cause, KATERYNA PANOVA AND RUBIC LLC demand judgment together with all costs of defense, as may be recoverable by law, as well as reasonable attorney's fees under Florida's Anti-SLAPP law.

Dated: February 7, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel.: (305) 523-9023
james@slater.legal

*Attorneys for Defendants*